### STATE v SWEET

Ohio Appeals, 2nd Dist, Preble Co

No 93. Decided Dec 27, 1937

524 ·

John Karicofe, Prosecuting Attorney, Eaton, for plaintiff-appellee.

Walter H. Earley, Eaton, and Edward Everett Rice, Hamilton, for defendant-appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error by reason of defendant's appeal from the judgment of the Court of Common Pleas of Preble County.

The notice of appeal is erroneously made as an appeal on question of law and fact. The proper designation should be appeal on law. See §12223-1 GC. However, through the filing of a bill of exceptions, briefs, etc., appellant has proceeded as though designated on an appeal on law and we will so consider the cause.

The defendant was indicted for receiving stolen property. The indictment contained three counts, each charging a similar offense, but the character of property and date of alleged offense were different. At the close of the testimony and before charging the jury, the court withdrew from their consideration the second and third counts. The question submitted to the jury was on the first count. The body of the charge contained in the indictment was as follows:

"On the 5th day of January in the year of our Lord 1937, in the County of Preble aforesaid, unlawfully and fraudulently did receive cigars and cigarettes of the amount and value fifty dollars ($50.00) of the personal property of Taylor & Thompson Tobacco Company of Richmond, Indiana, then lately before stolen, he the said Vernon Sweet, then and there well knowing said personal property to have. been stolen as aforesaid."

Defendant upon arraignment entered a plea of not guilty to the indictment, after which the case was tried and a verdict returned by a jury of guilty. Motion for new trial was filed within the statutory time, overruled and sentence imposed.

No assignments of error have been filed by counsel for appellant and under the provisions of Rule 7 of the Rules █ of Practice of the Courts of Appeals of Ohio as found in Volume 50, Ohio Appeals, such failure may be a basis of the dismissal of such appeal.

In previous cases where the assignments of error are apparent and understandable through the briefs, we have declined to dismiss. In the instant case, appellant's brief hardly qualifies except through laborious effort on the part of the court in separating and asserting in succinct form the claimed assignments of error. █ The defendant having been convicted of a felony charge, we will not dismiss for failure to comply with the rule requiring assignment of errors.

Reference is made in the brief to demurrer to the indictment. We find no such demurrer nor any entry disclosing the question being submitted to the trial court. In fact, we find several instances of claimed error, but not in any manner brought into the record. On two different occasions our court has █ held that any factual question may only be presented on review by being brought in through a bill of exceptions.

The state presented as witnesses three individuals who had previously been charged and convicted of larceny. It was the claim of the state that the property stolen by these defendants was on different occasions sold to the defendant, Sweet. Two of these witnesses, while not declining to testify, yet gave frequent answers of "not knowing" or "do not remember," so that little of probative force was procured from these two. The cold record thoroughly demonstrates that they were testifying falsely,

but their falsifying could not be received as evidence of any weight against the defendant, Sweet. One witness, Harry Goodwin, who was under sentence for the theft of some of the property, did give evidence of substantive character in support of the state's case. His testimony presents an inference that the cigars and cigarettes were stolen from Taylor & Thompson Tobacco Company, of Richmond, Indiana, and that the same were sold to the defendant for $50.00. This witness Goodwin says that he, and also Holycheck and Egbert Foust went in automobiles to the home of Sweet for the purpose of selling the cigars. Holycheck and Foust were the two convicts previously referred to. Holycheck, in his testimony, goes so far as to say that he took Goodwin and Foust down to Sweet's for the purpose of selling cigars but claims that he did no more than furnish the transportation and knew nothing about where the property was procured and heard nothing relative to the sale. Sweet and his wife deny that any such transaction ever took place. Goodwin testifies that the defendant, Sweet, told him that Holycheck had previously arranged with him to purchase the "hot stuff." Upon inquiry, he said that "hot stuff" meant stolen goods. Both Sweet and Holycheck deny that they ever had any such arrangement and Sweet further denies that he ever made any such statement to Goodwin.

There is much evidence in the record relative to the two counts in the indictment which were withdrawn from consideration. We are not advised as to the reason of the court in making such withdrawal. The brief of counsel for appellant refers to an opinion of the court, but it is not attached to the briefs, nor do we find it in the file. There is evidence in connection with the two counts which is proper to be considered as bearing on the question of knowledge. The transactions narrated in the three counts were all allegedly between the defendant and the three convicts.

Counsel for defendant saved their record by moving for a directed verdict at the close of the state's case, which motion was renewed at the close of all the testimony.

Another ground of error which gives us much concern was the failure of the court to advise the jury in his general charge relative to the evidence of an accomplice. The witness Goodwin would properly be classified under that designation.

The leading case on this question is that

of Allen v State, 10 Oh St 288. Syllabus 5 reads as follows:

"5. While it is the duty of the court, in their discretion, to advise the jury not to convict a felony upon the testimony of an accomplice alone, without corroboration, there is no rule of law preventing a jury from convicting upon the uncorroborated testimony of an accomplice."

At page 305 of the opinion, Sutliff, J., refers to this doctrine of corroboration and quotes from Greenleaf on Evidence:

"Judges, in their discretion, will advise a jury not to convict of felony, upon the testimony of an accomplice alone and without corroboration."

Continuing:

"And it is now so generally the practice to give them such advice, that its omission would be regarded as an omission of duty on the part of the judge."

This quotation from Greenleaf may be construed as meaning that the trial court in his charge of the issues must give the rule as set forth in the fifth syllabus, even though not requested so to do. However, it must be noted that this portion of the opinion was not carried into the syllabus.

We find in the instant case counsel for defendant made no request to the court to charge the rule or substance as contained in syllabus 5. In fact, nothing more was done than take a general exception, although the trial court made the usual inquiry as to whether or not any further instruction was desired.

The following rules are well recognized as they relate to the trial court's charge to the jury:

1. The issues must be charged and a general exception will save any errors of commission in not so doing.

2. Subject to the general rule, as above indicated, errors of omission may not be the predicate of error proceedings, unless the court's attention is called to such omission or it is presented to the court through request to charge.

In the case of Allen v State, supra, the court did charge on the question of corroboration, but not in the language requested by counsel for the defendant. The Supreme Court held that the trial court correctly charged.

We find the case of Allen v State, supra, referred to and commented upon in the case of State v Robinson, 83 Oh St 136. In the Robinson case the trial court charged on the question of corroboration. The Circuit Court reversed by reason of one paragraph. The Supreme Court reversed the Circuit Court and affirmed the judgment of the Court of Common Pleas. This case is of little value in the instant case except as it refers to the case of Allen v State, supra.

The case of Allen v State, supra, is again referred to in State v Lehr, 97 Oh St 280. The defendant was convicted and sentenced in the trial court. The Court of Appeals reversed on the ground that there was not any evidence offered which corroborated or tended to corroborate the testimony of the accomplice. The crime charged against the defendant was illegally performing an abortion. The Supreme Court reversed the Court of Appeals and affirmed the judgment of the Common Pleas Court. The Supreme Court held that the reason assigned by the Court of Appeals for reversing the judgment was contrary to the established law of Ohio.

This question is again discussed in the case of Ohio v Reichert, 111 Oh St 698. The defendant was indicted for assault with intent to kill. Two accomplices were called by the state to testify. The court did not charge on the question of corroboration of an accomplice. Counsel for defendant at the close of the testimony, made the following request for charge before argument:

"The degree of credit which ought to be given to the testimony of a witness who has turned state's evidence is a matter exclusively within the province of the jury to decide. I caution you to scrutinize with care the testimony of any such witness or witnesses, and not to convict this defendant upon the testimony of such witness or witnesses alone, without corroboration."

The request was refused, and after argument the court instructed the jury but did not incorporate in its general charge the above request, nor did the defendant again call the attention of the court to such request or ask the court to incorporate the same in his general charge. The defendant contented himself with a general exception. A verdict of guilty was returned. The Court of Appeals found reversible error on the ground that the trial court failed to charge the jury as to the propriety and necessity of corroboration of the testi-

mony of accomplices; that such failure constitutes prejudicial and reversible error and that the record in all other respects is free from error. The Supreme Court reversed the Court of Appeals and affirmed the judgment of the Court of Common Pleas.

The syllabus in the above case reads as follows:

"In the trial of one charged with a felony where the record discloses that the testimony of an accomplice is corroborated by other evidence material to the issues, the trial judge in the exercise of a sound discretion may refuse to instruct the jury not to convict upon the uncorroborated testimony of an accomplice."

Day, J., rendering the opinion, at page 705, quotes from Jones on Evidence, third edition, §769, as follows:

"Since the testimony of accomplices is competent and since the jury are to judge of the credibility of witnesses, it logically follows that a defendant may be convicted upon the unsupported evidence of an accomplice. Although the jury ought not to convict upon such testimony without corroboration their verdict will not be set aside."

Continuing:

"Owing to the fact that witnesses of this character are often subjected to strong temptation to shift the burden of guilt upon the defendant it has long been a rule of practice in criminal trials for the court to charge the jury that they should not convict a prisoner upon the uncorroborated testimony of an accomplice. But, although, it might ordinarily be regarded as an omission of duty for the judge to neglect to so instruct the jury, yet the decisions are to the effect that his refusal to do so is not reversibe error, as the matter lies in the discretion of the judge. The instruction relates to the value or weight of the testimony, and does not withdraw the case from the jury. The questions of fact are for their determination."

The courts of Ohio have not yet made an announcement as broad as that contained in the quotation from Jones on Evidence; neither have they held that such is not the proper rule. In the reported cases our Supreme Court in the syllabus has carefully confined their announcements to the facts involved in the case under consideration. The nearest approach to the rule contended for in the brief of counsel for appellant is that contained in the opinion in Allen v State, supra. The syllabus does not go so far and, of course, we must examine the syllabus for the rule of law.

Whatever may be the proper rule, we do hold that it is not prejudicial error for the court, in the absence of a request, not to charge on the question of corroboration. We view it as no more than an omission and as falling under the rule that counsel may not sit idly by and fail to call attention to such omission.

The development of this latter rule has been gradual but very positive. It is founded on good sense and sound reason. ERRORS CLAIMED in the INTRODUCTION of EVIDENCE:

This claimed error is presented on pages 15, 16 and 17 of the record when witness Holycheck was on the stand and being examined in chief by the prosecuting attorney. From the answers previously given, it was apparent that this convict witness was not answering the inquires as expected. The prosecutor, during the interrogation, said to the court that he was taken by surprise through the answers. On objection this statement was ruled out and in our opinion this ruling was not correct. The previous answers and questions of this witness so indicate and the professional statement of counsel as being taken by surprise is the excepted predicate in a sound discretion for permitting more direct questions even to the point of cross examining. The court did permit inquiry of this witness if he had not previously made statements contrary to what he was then testifying. The court, before permitting the answer, made the statement that this inquiry was not permitted with the idea that it alone could convict the defendant, but was allowed solely on the ground that the prosecutor had stated that he was taken by surprise and that this inquiry might refresh the recollection of the witness. Thereafter the witness answered the question, "yes."

It is quite true that the prosecutor should have gone farther and inquired as to the fact then under inquiry. No motion was made to strike out the answer nor was the court requested in the then state of the record to instruct the jury that this answer would have no probative force. We think from what the court did previously state the jury were in no sense misled. The case of Hurley v State, 46 Oh St 320, is cited and is in point.

528

Counsel for the defendant also raised the question that venue was not proven. This claimed error is not well founded. There is evidence that the claimed sale took place at the defendant Sweet's home and there is other testimony that the defendant's home was in Preble County. In the motion for new trial the second specification of error reads as follows:

"The court erred in overruling defendant's motion to set aside the swearing of the jury and continue the case upon the ground set forth in said motion."

This motion necessarily had to be supported by pertinent facts either by affidavit or oral testimony. If it is desired to predicate error upon an adverse ruling, it is necessary that all the facts presented to the trial court be carried into the bill of exceptions. This will be true, whether the motion was supported by affidavits or oral testimony. In the absence of such presentation, the presumption is that the ruling of the trial court was correct. We find no other claimed errors needing special comment.

The most serious question and one that gives us much concern, is whether or not there is sufficient evidence to show that the property in question was in fact stolen. The indictment charged that the property was stolen from the Taylor & Thompson Tobacco Company of Richmond, Indiana. No officer or representative of this company was called as a witness. The only witness testifying as to this essential fact was the convict, Harry Goodwin. No inquiry was made of him as to the details of this theft. His answer to the first inquiry as to where the cigarettes and cigars were obtained, is the following:

"Out of the alley on South Sixth and Seventh and G."
The next question: "Do you know whose it was?"
Answer: "Foust had them."
Question: "Which Foust?"
Answer: "Edgar Foust."
Question. "Do you know where they had been obtained?"
Answer. "Taylor & Thompson's warehouse."
Question. "That is in Richmond, Indiana?"
Answer. "Yes, sir."

Further along in the testimony of this witness he speaks of these cigars and cigarettes being stolen property.

Considering the testimony as a whole, we are constrained to the view that there is sufficient testimony to support this issue.

Finding no prejudicial error, the judgment of the trial court will be affirmed.

HORNBECK and GEIGER, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Feb 4, 1938

By THE COURT

The above entitled cause is now being determined on appellant's application for rehearing. A very long and carefully prepared memoranda accompanies the application. In the motion and memoranda is a reargument of the same questions presented in the original hearing.

The application for rehearing is a privilege granted under the rules of this court and is not intended to present a reargument of questions considered in the past.

For this reason, we will not comment on matters previously considered in our original opinion.

The legal principle that every pertinent allegation of the indictment must be proven beyond a reasonable doubt before there can be a conviction is elementary, and our original opinion should not be construed on any other theory.

The mere fact that some phases of the case gave us concern does not necessarily mean that a new trial should be granted. It is our ultimate conclusion that the evidence was sufficient to establish guilt beyond a reasonable doubt. A recheck of the record discloses that we were crediting some testimony to Gordon, whereas it was the testimony of Holycheck. This particularly refers to the evidence of value and appears at pages 13, 15 and 18 of the record.

In examining the record, we were somewhat surprised that no witnesses were called from the Taylor-Thompson Tobacco Company to give testimony that the cigars and cigarettes in question were stolen from them. It was our ultimate conclusion that this was not absolutely necessary. Since receiving the application for rehearing, we have made further investigation and find support for the conclusion.

In Horton's Criminal Law, 12th ed., Vol. 2, §1230, page 1544, we find the following:

"The first point to be shown in an indictment for receiving stolen goods is that the goods were stolen, and to prove this fact the thief is a competent witness."

In the case of State v Ron, 72 Atl. (Ky.) p. 431, the first syllabus reads as follows:

"On a trial of receiving stolen goods, the testimony of the thief who pleaded guilty to the charge of larceny of the goods is competent to prove they were stolen."

Applying these principles it necessarily follows that the thief, Gordon, is a competent witness to prove the theft of the cigarettes and tobacco. Of course, the question as to what credit should be given the convicted thief applies to this question as it does to all others. We discussed this question very fully in our original opinion.

The section of the Code defining the crime of receiving stolen property is §12450 GC.

The gravamen of the offense as it applies to the instant case was the buying of the stolen property, knowing it to have been stolen, etc. There is nothing in the section indicating that the indictment must set out the person from whom the property was stolen. We can conceive of a situation where the owner of the property might not know that the designated property was stolen from him. Of course the thief would know and might be the only person who would know If the thief confesses the stealing, pleads guilty thereto or testifies to the fact, the authorities support the principle that such evidence will be competent.

The inference that we spoke of in the original opinion was intended to refer to the Taylor-Thompson Tobacco Company as the entity from whom the cigars and tobacco were stolen. Inadvertently the paragraph starting on page 9 and ending at the top of page 10 of our original opinion omitted a few words. Following the word "stolen" should have been added "from the Taylor-Thompson Tobacco Company." *

We do not understand that the case of Cooper v State, 121 Oh St 562, in any sense modified the long established rule controlling reviewing courts in considering the evidence. A reviewing court is not a trier of facts. The verdict of a jury upon which a judgment is entered by a trial court is presumptively correct. To set it aside, error must affirmatively appear. In considering the weight of the evidence the reviewing court must have in mind the requisite degree of proof. In a criminal case guilt must be established beyond a reason-

*See page 528 at Headnote 10.

able doubt. It was our conclusion that the jury was warranted in returning a verdict of guilty.

Counsel for appellant in their memoranda question the correctness of our pronouncement on the question of corroboration of an accomplice. We made the following statement:

"Whatever may be the proper rule, we hold that it is not prejudicial error for the court, in the absence of a request, not to charge on the question of corroboration."

We view it as no more than an omission and as falling under the rule that counsel may not sit idly by and fail to call attention to such omission.

We had previously referred to the rule which requires the court to charge on all issues. There is a line of demarcation between what the court is bound to charge and what is a mere omission. Complaint was made that we cite no authorities. We now refer to **Vol. 2 Ohio Jurisprudence**, (Appeal and Error), §759. Also see the cumulative supplement to same volume and section.

This principle of law has had a marked extension in its development. Reviewing courts more and more recognize the obligation of counsel to aid the court in having all issues properly presented. It has been repeatedly said that counsel may not sit idly by and take advantage of an omission in the charge The obligation is recognized to call attention to such omission and give the court the opportunity to include in his charge.

The application for rehearing will be overruled.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.